UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

OCT 12 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

FLANIGAN'S ENTERPRISES, INC.
OF GEORGIA, et al.,

        Plaintiffs,

    v.

FULTON COUNTY, GEORGIA, et
al.,

        Defendants.

CIVIL ACTION

NO. 1:01-CV-3109-RLV

CEEDA ENTERPRISES, INC. d/b/a
Riley's Restaurant and Lounge,

        Plaintiff,

    v.

FULTON COUNTY, GEORGIA, et
al.,

        Defendants.

CIVIL ACTION

NO. 1:01-CV-3696-RLV

O R D E R

    These are actions pursuant to 42 U.S.C. § 1983, in which the
plaintiffs challenge the constitutionality of Fulton County's 2001
Adult Entertainment Establishment Ordinance.  The plaintiffs claim
that the licensing scheme as a whole violates their rights under
the First, Fifth, and Fourteenth Amendments to the Constitution of
the United States.  Pending before the court are the plaintiffs'
Motions for Summary Judgment [Doc. No. 68, Flanigan's Enterprises,

Inc. of Georgia; Doc. No. 70, Ceeda Enterprises, Inc.][1] [Because the plaintiffs' motions and subsequent supplemental briefs incorporate each other's motions by reference or adopt the same position, these submissions will hereinafter be cited as "plaintiffs' Motions."]

On April 7, 2004, this court denied Fulton County's Motion to Dismiss and concluded that the county had failed to establish that the ordinance furthered an important governmental interest.[2] Subsequently, Fulton County also defended the constitutionality of the ordinance in an unrelated case in Fulton County Superior Court. In Maxim Cabaret, Inc. v. Fulton County, Civil Action No. 2003-CV-78259 (Fulton County Superior Court Order, May 26, 2005), the judge held Fulton County's 2001 Adult Entertainment Establishment Ordinance to be an unconstitutional prior restraint on protected speech.  While the plaintiffs submitted their Motions for Summary

---

[1] Although the plaintiffs in these cases originally filed separate suits (Flanigan's Enterprises, Inc. of Georgia, Docket Number 01-3109, and Ceeda Enterprises, Inc., Docket Number 01-3696), the Motion for Summary Judgment by Ceeda Enterprises, Inc. under consideration here was nevertheless electronically filed in the Flanigan's docket as well.  Accordingly, all citations in this order to documents in the record will be in the Flanigan docket, 01-3109.  Additionally, although Flanigan's submission Doc. No. 68] is incorrectly styled as a memorandum of law in support of the defendant's motion for summary judgment (and even prays for relief to that effect), it does specifically move this court for summary judgment; consequently, in the interests of judicial economy, this court will treat that document as a proper motion.

[2] Because this court was informed that the parties were attempting to settle the case, and because the plaintiffs did not move for summary judgment at that time, no further action was taken by this court.

Judgment in this case in light of the Superior Court's decision in
Maxim, Fulton County also appealed the Maxim decision to the
Georgia Supreme Court. This court then stayed these proceedings
pending that court's decision.  However, the Georgia Supreme Court
ultimately dismissed that appeal as moot without rendering an
opinion as to the constitutionality of the Fulton County ordinance.
Fulton County v. Maxim Cabaret, Inc., No. S05A1893 (Ga. dismissed
February 13, 2006).

It is significant that while the Georgia Supreme Court
dismissed the appeal in Maxim as moot, that court did not vacate
the superior court's decision.  Consequently, a question remains as
to whether the lower court judgment is still valid.   Therefore,
this court lifted its stay and permitted the parties in this case
to supplement their motions as they related to their dispute over
the effect, if any, of the Superior Court's ruling on the matters
before this court.  [Doc. No. 88.]

In their supplemental briefs in support of summary judgment,
the plaintiffs argue that the Superior Court's decision remains
intact and binding on this court because the Georgia Supreme Court
only dismissed the appeal and did not vacate the lower court's
ruling.   Further, they argue that the Georgia Supreme Court's
recent decision in I.D.K., Inc., v. Ferdinand, 277 Ga. 548 (2004),
which upheld the constitutionality of the fee structure in the
ordinance, is not controlling in this case.  In the defendant's
supplemental brief, Fulton County argues that the Superior Court's

judgment in <u>Maxim</u> has no precedential value for this court but that the Georgia Supreme Court's decision in <u>I.D.K.</u> is binding and, therefore, this court must similarly uphold the constitutionality of the Fulton County ordinance.

Notably, this court has previously concluded that the ordinance at issue does not further an important governmental interest, and thus is an unconstitutional violation of the plaintfiffs' rights under the First Amendment. Specifically, this court found that while the ordinance met the first, third, and fourth prongs of the test for content-neutral speech regulation under <u>United States v. O'Brien</u>, 391 U.S. 367, 377 (1968), the ordinance did not satisfy the second prong requirement that the regulation further an important governmental interest because Fulton County ignored the most relevant local study in favor of a less comprehensive study and foreign studies. Before this court considers the plaintiffs' Motions, it is worth summarizing the pertinent facts and rationale underlying this court's previous decision.

In 1997, Fulton County enacted an amendment to section 18-76 of the Fulton County code, which prohibited selling and consuming alcohol at adult entertainment establishments based on the county's belief that alcohol consumption at adult entertainment establishments contributed to increased criminal activity. However, the Eleventh Circuit Court of Appeals declared that ordinance unconstitutional because in developing a factual basis

4

for enacting section 18-76, Fulton County had unreasonably relied on foreign studies while rejecting its own current, empirical data. Flanigan's Enterprises, Inc. v. Fulton County, 242 F.3d 976, 986 (11th Cir. 2001)["Flanigan's I"].  The amendment to section 18-76 ignored a 1997 police department study, which had concluded that there were fewer incidents of crime and calls for service at adult entertainment establishments serving alcohol than at non-adult establishments serving alcohol.  After the 1997 amendment to section 18-76 had been struck down, Fulton County proposed a new ordinance and commissioned a new police department study in 2001 to analyze the secondary effects of alcoholic consumption in adult entertainment establishments in Fulton County.  [Adult and Non-Adult Entertainment Establishments Statistical Analysis from 1/1/98 to 12/31/00]["March 2001 Report"].

However, the March 2001 Report found that the secondary effect of alcoholic consumption in adult entertainment establishments did not result in an increased crime rate as it related to non-adult entertainment establishments serving alcohol—almost exactly the same conclusion of the 1997 study in Flanigan's I.  Nevertheless, Fulton County subsequently held a hearing on the proposed ordinance, a newly written section 18-76 aimed at reducing criminal activity associated with adult entertainment establishments that serve alcohol.  At the hearing, the police chief testified as to the results of investigations at three adult entertainment clubs and a targeted operation that had found numerous criminal

5

violations.   Additionally,  Fulton  County  conducted  another,  but
more  narrow,  study  of  the  secondary  effects  of  alcoholic
consumption  in  adult  entertainment  establishments.    This  later
study,  the  July  2001  Report,  looked  at  only  three  adult
entertainment  establishments,  one  of  which  was  a  BYOB  club.
[Report  on  Fulton  County  Adult  Entertainment  Businesses  July,
2001] [July 2001 Report].   The July 2001 Report found that there
were  numerous  criminal  violations  at  the  two  adult  clubs  serving
alcohol  while  there  were  no  violations  reported  at  the  BYOB  club.[3]

Significantly,  when  Fulton  County  enacted  the  2001  Adult
Entertainment  Establishment  Ordinance,  it  relied  on  the  July  2001
Report  and  the  police  investigations  at  three  adult  entertainment
clubs  (including  two  of  the  plaintiffs  in  this  case  sub  judice) as
evidence  supporting  the  goals  of  the  ordinance.    However,  Fulton
County  apparently  did  not  even  consider  the  more  comprehensive
March  2001  study  when  enacting  the  2001  ordinance.    Consequently,
bound  by  the  rule  laid  out  by  the  Eleventh  Circuit  in  Flanigan's I,
242  F.3d  at  986,  this  court  concluded  "that  it  was  unreasonable  for
Fulton  County  to  ignore  the  most  relevant  local  study  in  favor  of

---

[3]In  the  April  7,  2004  order,  this  court  recognized  Fulton
County's  argument  that  the  police  chief's  testimony  and  the  July
2001  report  were  "extensive  anecdotal  evidence"  of  the  negative
secondary  effects  associated  with  alcohol  and  nude  dancing.
However,  this  court  also  noted  that  the  July  2001  Report  was
fundamentally  flawed  because  alcohol  was  almost  certainly  consumed
at  the  one  BYOB  club  that  was  used  as  a  comparison  to  the  two  clubs
selling  alcohol.    Moreover,  this  court  was  skeptical  of  the  self-
serving  targeted  investigations  conducted  in  May  and  June  2001,  in
which  the  police  department  and  its  officers  were  likely  aware  of
the  result  desired  by  the  county.

a less comprehensive study and foreign studies". Because this court is aware of no new evidence, and Fulton County has offered none, showing the county's factual basis for enacting the ordinance, this court sees no reason to conclude differently now.

At issue in the supplemental briefs submitted by the parties in light of the Georgia Supreme Court's dismissal of <u>Maxim Cabaret</u> are essentially two questions: 1) whether the Superior Court's decision in that case is binding on this court, and 2) whether the Georgia Supreme Court's decision in <u>I.D.K.</u> is controlling in this case.

The Superior Court's decision in <u>Maxim Cabaret</u> is not binding on this court. Although state courts are competent to evaluate the constitutionality of state laws under the federal constitution, this court clearly may consider federal issues in its own right when not otherwise precluded from doing so. <u>See</u> <u>Pitman v. Cole</u>, 267 F.3d 1269, 1291 (11th Cir. 2001)("[w]hile state and federal courts have concurrent jurisdiction to decide federal law issues. . ., federal courts have the responsibility for deciding those issues when they arise in federal court.")(internal citations omitted). Moreover, the Georgia Supreme Court's decision to dismiss also issued a remittitur. Upon remittitur, the superior court in that case is required to take action that will give effect to the Supreme Court's judgment. O.C.G.A. § 5-6-10. When an appellate court's decision does not finally dispose of the case, the trial court must set the case for a new trial. O.C.G.A. § 5-5-

49(a); See, e.g., Bolden v. State, 257 Ga. Ct. App. 474 (2002). As Fulton County points out, no action by the parties or the superior court has been taken in that case. [Def.'s Mem. in Resp. to Pl.'s Supplemental Br. in Supp. Of Summ. J., 3, Doc. No. 91-1.] Consequently, whether the superior court's judgment in Maxim is still valid is questionable at best. In any event, regardless of whatever action the superior court may take in that matter, this court's decision here is grounded entirely on its April 7 Order, issued before the superior court's judgment. Accordingly, although it is in accord with this court's rationale, the state court's decision in Maxim Cabaret that the Fulton County ordinance is unconstitutional under the First Amendment is not binding on this court.

The plaintiffs' arguments that this court must give full faith and credit to the state court's decision in Maxim Cabaret is misplaced because, to the extent it would be applicable in this case, state law would not preclude the particular parties in this case from litigating this matter in state court. See Matsushita Elec. Indus. Co., v. Epstein, 516 U.S. 367, 374-75 (1996)("the preclusive effect in federal court of [a] state-court judgment is determined by [state] law")(internal citations omitted); Nally v. Bartow County Grand Jurors, 280 Ga. 790 (2006)(res judicata and collateral estoppel require identity of parties in Georgia).

Fulton County, on the other hand, argues that while the Superior Court's decision in Maxim Cabaret is not binding upon this

court, the Georgia Supreme Court's decision in I.D.K. is binding because there the Georgia Supreme Court upheld the constitutionality of the same ordinance at issue here. However, that argument fails because the Georgia Supreme Court considered only the constitutionality of the license fee provision of the ordinance, not the ordinance as a whole. Since I.D.K. dealt with the more narrow issue of whether a certain provision of the 2001 Adult Entertainment Establishment Ordinance was unconstitutional, it is not controlling in this case, where the issue is the constitutionality of the ordinance as a whole.

Thus, because this court has determined that neither of the most recent state court cases considering the ordinance at issue here is applicable, this court's conclusion in its previous order stands. Fulton County has failed to show that the ordinance furthers an important governmental interest because it did not consider the most comprehensive analysis of the secondary effects of alcohol consumption in adult entertainment establishments. Instead, the defendants relied on less relevant studies that supported the county's goal. Once again, this court concludes that it was unreasonable to ignore the most relevant local study in favor of a less comprehensive study and foreign studies; therefore, the ordinance is an unconstitutional restraint on the plaintiffs' constitutional rights under the First Amendment. Accordingly, the court GRANTS the plantiffs' Motions for Summary Judgment. The

court need not address the plaintiffs' other arguments as to why the ordinance is unconstitutional.

For the foregoing reasons, the plaintiffs' Motion for Summary Judgment [Case 1:01-cv-03109, Doc. 68] is GRANTED; the plaintiff's Motion for Summary Judgment [Case 1:01-cv-03696, Doc. 45-1] is also GRANTED.  The only issue remaining in these cases is the issue of damages.  The parties previously submitted a proposed pretrial order, which the court signed on January 11, 2005.  However, since the issues have been narrowed since that order was signed, the parties are directed to submit a new proposed pretrial order within 30 days from the docketing of this order.

SO ORDERED, this 12TH day of October, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge